**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TATANISHA PICKENS**                                                                          **Plaintiff**

vs.                                                               **Civil Action No. 3:06CV147**

**CLC OF VAIDEN, LLC, d/b/a**
**VAIDEN COMMUNITY LIVING CENTER**
**and COMMUNITY ELDERCARE SERVICES,**
**LLC d/b/a VAIDEN COMMUNITY LIVING**
**CENTER**                                                                       **Defendants**

<u>ORDER</u>

This cause comes before the court on the motion of defendant CLC of Vaiden ("Vaiden CLC") for summary judgment, pursuant to Fed. R. Civ. P. 56.[1] Plaintiff Tatanisha Pickens has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a race discrimination action arising out of plaintiff's termination from her employment at Vaiden CLC, a community living center. Plaintiff began working for Vaiden CLC in July 2003, holding the dual titles of social services director and admissions director. Defendant asserts that plaintiff's "ability to perform her job duties was a longstanding problem" and that she repeatedly turned down offers to shift to other responsibilities at the facility. Plaintiff disputes this characterization of her work performance, and she alleges that she had no

---

[1] Defendant Community Eldercare Services, LLC has joined in the motion for summary judgment, but it also seeks dismissal based on an argument that it is merely a management company which is not a proper defendant in this lawsuit. For the reasons discussed *infra*, the court concludes that plaintiff's race discrimination claims lack merit as to all potential defendants, and the court accordingly need not address this issue.

1

complaints regarding same until Kelly Faulkner was hired as administrator in November, 2005. Plaintiff also maintains in her complaint that Vaiden CLC's regional director, Billy Daves, "had a preference for white women" which contributed to her employment difficulties.

On February 3, 2006, Daves and Faulkner assigned plaintiff to an "action plan" which required her to meet certain performance goals, barring which she would be disciplined or terminated. The plan was supposed to last a month, but plaintiff was terminated on February 23, 2006, allegedly based on a lack of improvement in her performance. Plaintiff was replaced by Melissa Acy, who is white. Feeling aggrieved, plaintiff filed a charge of discrimination with the EEOC, and on November 24, 2006, she filed the instant action in this court, alleging that she was fired based on her race, in contravention of Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. § 1981.[2]

Defendant has moved for summary judgment, contending that no genuine issue of fact exists regarding plaintiff's race discrimination claims and that it is entitled to judgment as a matter of law. Plaintiff offers no direct proof of discrimination in this case, instead seeking to prove her case circumstantially based on the standards set forth by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under the *McDonnell Douglas* standard, plaintiff must first establish a *prima facie* case of discrimination by establishing that she was (1) a member of a protected group; (2) qualified for the position she held; (3) discharged from the position; and (4) either replaced by someone outside the protected group or treated less favorably than employees not in the protected group.

---

[2]Plaintiff originally sought recovery under the Equal Pay Act as well, but she has since withdrawn these claims.

*See Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001); *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995). If plaintiff is successful in establishing a *prima facie* case of discrimination, then the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions. If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's *prima facie* case disappears and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).[3]

Even assuming, *arguendo*, that plaintiff is able to establish a *prima facie* case of discrimination in this case, the court nevertheless concludes that she has failed to demonstrate that Vaiden CLC's stated non-discriminatory reason for terminating her, i.e. her poor work performance, was a pretext for discrimination. Plaintiff contends that defendant unfairly evaluated her work performance, but it is exceedingly difficult for this court, based on the record before it, to evaluate plaintiff's work performance. In its brief, defendant asserts that plaintiff was assigned (among other duties) the task of improving the "census" (i.e. the number of

---

[3]The Fifth Circuit has recently modified the *McDonnell Douglas* formulation to permit proof that discrimination was one motivating factor among others for an adverse employment action. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004). However, it appears to be incumbent upon a plaintiff to actually raise mixed-motive arguments in order to have them considered at the summary judgment stage. *See Strong v. University HealthCare System, L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007)(applying "but for" causation standard on summary judgment in a retaliation case where plaintiff had relied solely on a "pretext" theory); *Septimus v. University of Houston*, 399 F.3d 601, 607 n.7 (5th Cir. 2005). In this case, plaintiff appears to rely solely on a "pretext" theory, but, even assuming that the mixed-motive option is available to her, the court concludes that this would not alter the result in this case, given plaintiff's lack of evidence to support her claims of discrimination.

residents) at Vaiden CLC and that the census had dropped in the weeks and months leading up to her termination. Clearly, residents are the lifeblood of any residential facility, and it does not strike this court as unreasonable that defendant should have placed a high priority on maintaining high occupancy levels.

Plaintiff asserts that the "action plan" to which she was assigned was unfair, partly because she was not allowed the full thirty days to complete it. While plaintiff has arguably established fact issues as to whether she was treated unfairly by defendant in the implementation of the action plan, she has not, in the court's view, established fact issues regarding whether her race, rather than genuine concerns regarding her work performance, was a motivating factor behind her termination. Indeed, plaintiff conceded in her deposition that defendant had tried to obtain her consent to shift to other responsibilities at the facility but that she had refused. Plaintiff testified that, during one such attempt, Kelly Faulkner had discussed deficiencies in her work performance, including weaknesses in her communication skills and pre-admissions inquiries. In the court's view, defendant's attempts to shift plaintiff to other work responsibilities do, in fact, suggest a genuine dis-satisfaction with her work performance, and there is little basis upon which this court might second-guess defendant's evaluation in this regard. Plaintiff points to the different treatment given to white employees such as Acy, but, once again, this court has no basis to conclude that the work performance of these employees was similar to plaintiff's, particularly in a subjective area such as marketing.

The court would also note that plaintiff's claims are weakened by the unsupported allegation in her complaint that regional manager Billy Daves had a "preference for white women" which motivated his decision to fire her. Specifically, plaintiff alleged in her complaint

4

as follows:

> Additionally, plaintiff has circumstantial evidence that the regional manager, Billy Daves, fired plaintiff because of his preference for white women. Specifically, Mr. Daves, the regional manager, has in the past had a dating relationship with a white employee, and there is circumstantial evidence that Mr. Daves also had a close social relationship with Melissa Acy. ... Upon information and belief, a substantial cause of plaintiff being replaced by Ms. Acy was that Ms. Acy had a close social relationship with the regional manager, Mr. Daves, who wished to reward [her] because of this relationship.

These allegations weaken plaintiff's discrimination claims on multiple levels. First, it should be apparent that plaintiff's true allegation is one of personal favoritism being shown by Daves towards an employee with whom he allegedly had a "social relationship." Obviously, the mere fact that an employee who was allegedly shown favoritism was white would not support a race discrimination claim, even if such favoritism had been established. Indeed, the Fifth Circuit has held, in a related context, that "when an employer discriminates in favor of a paramour, such an action is not sex-based discrimination, as the favoritism, while unfair, disadvantages both sexes alike for reasons other than gender." *Ackel v. National Communications, Inc.*, 339 F.3d 376, 382 (5th Cir. 2003), *citing Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 656 n. 6 (5th Cir. 2002).

Quite apart from this legal authority, it is apparent that plaintiff's "evidence" of any "social relationship" between Daves and Acy is extremely weak. Plaintiff admitted in her deposition that her only evidence of an affair between Daves and Acy was the fact, that, while attending a seminar in Tupelo, they had shown up late around the same time and entered through separate doors. Plaintiff inferred from this fact that Daves and Acy were trying to make it appear that they were not together when they actually were. It is thus apparent that plaintiff has very

5

weak evidence of any affair between Daves and Acy, and she loses credibility with this court by utilizing such evidence in support of her claims. It seems clear that plaintiff has essentially no evidence of race discrimination in this case, and, while it is arguable that she was treated unfairly in not being given the full thirty days to complete the action plan, there is no indication that racial animus motivated any such unfairness. In light of the foregoing, the court concludes that plaintiff has failed to establish genuine fact issues regarding her race discrimination claims and that these claims are due to be dismissed.

It is therefore ORDERED that defendant's motion for summary judgment is granted. A separate judgment will be issued this date, in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this the 19th day of February, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**